# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHAMARE H. MAYS,

                                    :

        Petitioner,                      Case No. 3:13-cv-191

                                    :        District Judge Walter H. Rice
    -vs-                                 Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution,

                                    :

        Respondent.

---

# REPORT AND RECOMMENDATIONS

---

        This is a habeas corpus action pursuant to 28 U.S.C. § 2254 in which Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. It was referred to the undersigned pursuant to the General Order of Assignment and Reference for Magistrate Judges at the Dayton location of court and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

        Petitioner pleads three grounds for relief:

        **Ground One**:  Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment.

        **Supporting Facts**:  At no time prior to trial did Petitioner's purported counsel communicate with him about discovery, strategy or other defense measures.  Petitioner vehemently expressed his dissatisfaction in this regard on record.  Petitioner asked to proceed

from an actual innocence standpoint and had counsel considered this defense, Petition would have been acquitted.

**Ground Two:** Petitioner was denied his right to have a jury determine his guilt beyond a reasonable doubt per *Blakely v. Washington*, 542 U.S. 296 [(2004)], and the 6th/14th Amendments.

**Supporting Facts:** Trial court erred in finding Petitioner guilty of felony murder where the underlying felony was a felonious assault that directly resulted in death.

**Ground Three:** Ineffectiveness of counsel during critical proceedings affecting Petitioner's 14th Amendment Due Process.

**Supporting Facts:** Counsel failed to object when trial court erroneously imposed maximum, consecutive sentences.

(Amended Petition, Doc. No. 3, PageID 19-22.)


## Ground One: Ineffective Assistance of Trial Counsel


Petitioner candidly admits that he did not exhaust his state court remedies on his First Ground for Relief, explaining:

> The Ohio Department of Rehabilitation and Correction (DRC) did not honor OAC [Ohio Administrative Code] 5120-9-20 or its policy 59-LEG-01 despite my repeated requests for assistance. Also, jailhouse lawyers wanted to charge me and I didn't have the money to pay them.

*Id.* This claim clearly depends on evidence outside the record, to wit, whatever conversations occurred between counsel and Petitioner that were not on the record. Under Ohio law, such claims must be made by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21, but Petitioner has never filed such a petition and the time for doing so has elapsed.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

2

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);  *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

There is no doubt that Petitioner has missed the filing deadline for filing for post-

conviction relief. As excusing cause, he cites failure of the prison authorities to follow a portion of the Ohio Administrative Code and the fees wanted by "jailhouse lawyers." Neither of these constitutes excusing cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). The First Ground for Relief should therefore be dismissed with prejudice as barred by Petitioner's procedural default in presenting the claim to the Ohio courts.

### Ground Two: Lack of Jury Determination of Guilt of Felonious Assault

In his Second Ground for Relief, Petitioner asserts he was denied his right to a trial by jury on the underlying felonious assault charge. This appears to be an attempt to raise in habeas corpus the same claim made in his First Assignment of Error on direct appeal. The Second District Court of Appeals found the relevant facts and decided this assignment of error as follows:

> **[\*P2]** In April 2009, Mays and two others entered Dayton's College Hill Park with guns in hand and began shooting at a group of men playing basketball. One man was hit in the face and died at the scene. Another took off running and Mays gave chase. Mays continued shooting and succeeded in hitting the second man's leg. While Mays denies being the one who fired the fatal shot, he admits the rest.
>
> **[\*P3]** Mays was indicted on two counts of felonious assault with a deadly weapon, one count of felonious assault causing serious physical harm, two counts of felony murder (proximately resulting from felonious assault with a deadly weapon and proximately resulting from felonious assault causing serious physical harm), one count of tampering with evidence, one count of having weapons while under a disability, and one count of inducing panic. With the exception of the last, attached to each count was a firearm specification. At Mays' first trial, he was found guilty of one count of felonious assault with a deadly weapon, tampering with evidence, inducing panic, and having weapons while under disability. On the remaining counts, the jury failed to reach a

verdict and a mistrial was declared. At the second trial, a jury found Mays guilty of the remaining counts.

* * *

[**P5**] Mays alleges, in the first assignment of error, that the trial court erred by convicting him of felony murder. He contends that felonious assault may not serve as the underlying offense. Mays claims that because his felonious assault directly resulted in the victim's death the felony-murder rule's independent-felony or merger limitation precludes it from serving this role. We conclude that this limitation does not exist under Ohio law.

* * *

[**P11**] Felonious assault and felony murder require proof of different facts, as the Ohio Supreme Court has pointed out. In *State v. Miller*, 96 Ohio St.3d 384, 2002 Ohio 4931, 775 N.E.2d 498, the defendant was found guilty of felony murder predicated on felonious assault. There, the evidence showed that the defendant fired a handgun at his wife at close range and hit her in the head. She died from her injuries. The pertinent issue was "whether felony murder as defined in R.C. 2903.02(B) is supported by evidence that establishes that the defendant shot the victim knowingly when the underlying offense of violence charged is felonious assault." *Id.* at ¶ 20. The Court held that it was. *Id.* at ¶ 48. Succinctly explaining the different proof requirements in that case, the Court said, "If defendant knowingly caused physical harm to his wife by firing the gun at her through a holster at close range, he is guilty of felonious assault. The fact that she died from her injuries makes him guilty of felony murder, regardless of his purpose." *Id.* at ¶ 33. We note too the Court's dismissal of the defendant's concern that, "since felony murder has a lesser mens rea standard (knowingly) than murder (purposely), and since the two crimes carry the same punishment, prosecutors will now seek murder convictions under the felony murder statute based on felonious assault." *Id.* at ¶ 34. In addition to pointing out that "prosecutors can still charge in the alternative and generally seek an indictment most aligned with the facts of the case," *id.*, the Court said that this is a legislative concern: "the General Assembly has chosen to define felony murder in this manner, and the General Assembly is presumed to know the consequences of its legislation." *Id.*

[**P12**] Finally, the absence of the independent-felony or merger limitation is not unconstitutional, as Ohio courts have consistently

5

held. *See Cherry*, 2002 Ohio 3738, at ¶ 31 (finding "that neither R.C. 2903.02(B) nor Appellant's conviction for felony murder where the predicate offense was not independent of the conduct that killed [the victim] are in violation of equal protection or due process guarantees"); *State v. Smathers*, 9th Dist. Summit No. 19945, 2000 Ohio App. LEXIS 5981, 2000 WL 1859836, *2-3 (Dec. 20, 2000) (holding that R.C. 2903.02(B) does not violate the Fifth, Sixth, or Fourteenth amendments to the U.S. Constitution because the culpability element of felony-murder is established by proving the intent of the underlying felony); *Pickett*, 2001 Ohio 4022, 2001 WL 1591318, at *3 (holding that "[the defendant]'s conviction under the felony-murder rule of R.C. 2903.02(B), where the predicate offense was the felonious assault of the murder victim, did not deprive him of due process"); *Hayden*, 2000 Ohio App. LEXIS 3198, 2000 WL 973413, at *4 (rejecting defendant's argument that R.C. 2903.02(B) is unconstitutional because it violates the independent-felony or merger limitation, and holding that the statute does not violate due process).

[*P13] Mays cites no authority showing that Ohio currently recognizes, or has ever recognized, the independent-felony or merger limitation. Our independent research discloses none either. And, we determine that the absence of such a limitation in the felony murder statute raises no constitutional concerns.

[*P14] The first assignment of error is overruled.

*State v. Mays*, 2012 Ohio 838, 2012 Ohio App. LEXIS 731 (2nd Dist. 2012).

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. In many ways this was just an application of the basic rule that every element of a crime must be proved to the jury by proof beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). But while federal constitutional law determines the quantum of proof needed, it is state law which defines the elements of state crimes. *In re Winship*, 397 U.S. 358 (1970). As noted by the Second District Court of Appeals, the Ohio General Assembly has defined the elements of felonious assault and then provided that, if the

State proves to the jury's satisfaction, that a death was the proximate result of the felonious assault, the perpetrator is also guilty of felony murder. *Blakely* does indeed require that all elements be proved to the jury, but the court of appeals' decision shows that all elements were indeed presented to the jury which returned guilty verdicts on both felonious assault and felony murder.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). The Second District Court of Appeals' decision in this case is not an objectively unreasonable application of *Blakely* or other Supreme Court precedent which might be applicable. The Second Ground for Relief should therefore be dismissed with prejudice.

## Ground Three:  Ineffective Assistance of Trial Counsel

In his Third Ground for Relief, Mays asserts his trial attorney provided ineffective assistance when he failed to object to the erroneous imposition of consecutive maximum sentences.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Mays raised his claim regarding maximum consecutive sentences on direct appeal as his

fourth assignment of error.   The court of appeals decided this question on the merits and concluded that the maximum consecutive sentences were authorized by Ohio law.  *State v. Mays,* 2012 Ohio 838, 2012 Ohio App. LEXIS 731, ¶¶ 20-26 (2012).  Thus whatever trial counsel did with respect to this claim was enough to preserve it for decision on the merits on appeal.  Since Mays was able to get a decision on the merits on appeal, any failure of his trial attorney to object did not prejudice him.  Also, since the court of appeals decided there was no merit to the claim, it cannot have been deficient performance by his attorney to have failed to object.  This Ground for Relief should also be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

July 1, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

9

607e360bc640839e

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).