IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHAMARE H. MAYS,

    :

    Petitioner,                                      Case No. 3:13-cv-191

    :             District Judge Walter H. Rice

   -vs-                                    Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution,

    :

    Respondent.

## REPORT AND RECOMMENDATIONS ON PETITIONER'S OBJECTIONS, CONSTRUED AS A MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 8) to the Magistrate Judge's Report and Recommendations (the "Report") recommending this case be dismissed with prejudice (Doc. No. 4).

The Report was filed on July 1, 2013, and mailed to Petitioner the same day (7/1/2013 staff note). Ten days later Petitioner caused to be scanned and emailed to the Court a Request for a sixty-day extension of time (Doc. No. 5). That document bears the notation that it was scanned and emailed by M. Stickelman on July 11, 2013; the notation is in the standard form for documents to be scanned and emailed from Warren Correctional Institution using the court-supplied scanner and sender. On the same day the Magistrate Judge granted that Motion and caused the Clerk to furnish Petitioner with a copy of the notation order (July 11, 2013, notation order and staff note).

This notation order made Petitioner's Objections due September 9, 2013. No objections

1

had been received by the Clerk by September 17, 2013, and on that date Judge Rice adopted the Report and dismissed the case with prejudice (Doc. Nos. 6, 7). Six days later, the Clerk received and filed Petitioner's Objections (Doc. No. 8).

The Objections contain a certificate of service that reads "The foregoing was is [sic] being delivered to prison staff, postage prepaid, this 9th day of September 2013 for ECF uploading." Unlike Petitioner's Motion for Extension of Time, the Objections were not scanned and uploaded using the prison scanner: they do not bear the same legend as is used for such documents and they were received in the mail as attested to by the Deputy Clerk who docketed them. Since it does not take two weeks for mail to travel from Lebanon to Dayton, the Court strongly doubts the veracity of the Petitioner's Certificate of Service. Aware of the mailbox rule, some incarcerated litigants believe that, if they assert they handed the document in, that assertion must be accepted by the Court. Not so. An assertion of delivery to prison authorities is testable in the same way any assertion of fact made in court can be tested. In order to curb what appears to be abuse of the mailbox rule, it is hereby ORDERED that all further certificates of service in this case be made by declaration or affidavit under penalty of perjury.

Accepting the Certificate of Service at face value, the Court will treat the Objections as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect;" In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect; (2) that he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), *citing Ben Sager Chemicals International, Inc. v. E.*

*Targosz & Co*., 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973).  The Court treats the Objections as a motion under Rule 60(b)(1) by assuming for the sake of argument that Petitioner's failure to get the Objections to the Court within the sixty-plus days allowed him is the result of "excusable neglect."   Even assuming a finding of excusable neglect, Petitioner must still show that his Objections have merit.  He has failed to do so.

  Mays pled three Grounds for Relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment.
>
> **Supporting Facts:** At no time prior to trial did Petitioner's purported counsel communicate with him about discovery, strategy or other defense measures. Petitioner vehemently expressed his dissatisfaction in this regard on record. Petitioner asked to proceed from an actual innocence standpoint and had counsel considered this defense, Petition would have been acquitted.
>
> **Ground Two:** Petitioner was denied his right to have a jury determine his guilt beyond a reasonable doubt per *Blakely v. Washington*, 542 U.S. 296 [(2004)], and the 6th/14th Amendments.
>
> **Supporting Facts:** Trial court erred in finding Petitioner guilty of felony murder where the underlying felony was a felonious assault that directly resulted in death.
>
> **Ground Three**: Ineffectiveness of counsel during critical proceedings affecting Petitioner's 14th Amendment Due Process.
>
> **Supporting Facts:** Counsel failed to object when trial court erroneously imposed maximum, consecutive sentences.

(Amended Petition, Doc. No. 3, PageID 19-22.)

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Mays claimed he wanted to go to trial and would have been acquitted, but his lawyer never talked with him about discovery, trial strategy, or other defense measures.  The Magistrate Judge found this Ground for Relief procedurally defaulted because the truth of it obviously depended on conversations between Mays and his defense counsel which occurred off the record.  Such matters would not be discussed on the record in order to protect attorney-client communication and work product privilege – essential to prevent the prosecution from learning what the defense strategy was.

In Ohio, claims which depend on evidence which would not be on the record on appeal must be brought by filing a petition for post-conviction relief under Ohio Revised Code § 2953.21.  Mays admitted in his Amended Petition that he had never filed such a petition (Amended Petition, Doc. No. 3, PageID 19-22).  He attempted to excuse this failure to file by claiming that the ODRC was somehow obliged to assist him in such a filing and did not do so.  He also asserted "jailhouse lawyers wanted to charge me and I didn't have the money to pay them."  *Id.* The Report concluded neither of these facts, assuming their truth, was excusing cause.  (Report, Doc. No. 4, PageID 34, *citing Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)).

In the Objections, Mays asserts that the ODRC has an obligation to "guarantee Ohio inmates meaningful access to the courts" and when it does not provide such access, that constitutes "government interference" sufficient to excuse the procedural default under *Murray v. Carrier*, 477 U.S. 478 (1986)(Objections, Doc. No. 8, PageID 46).

Mays' assertions of "government interference" are completely conclusory – he does not

4

say what the prison officials did or when they did it that supposedly interfered with his filing a post-conviction petition. In *Bonilla*, the case cited in the Report, the Sixth Circuit held that failure to meet the 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla,* 370 F.3d at 497. It also held lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

The ODRC policies which Mays cites do not in any way require prison officials to assist prisoners in filing petitions for post-conviction relief beyond giving them reasonable access to legal materials and allowing them to assist one another without charge. Ohio Admin. Code § 5129-9-20(B). The rules embedded in 59-LEG-01 merely particularizes the OAC rules.

In addition to his objection about government "interference," Mays objects that "[w]hile the R&R holds that the first ground depends on evidence outside the record, Petitioner submits that his expressed dissatisfaction of [sic] his counsel was on the record." (Objections, Doc. No. 8, PageID 46.) That objection misses the point. Even assuming Mays told the trial judge on the record that he was dissatisfied with his counsel, that alone cannot prove ineffective assistance of trial counsel. Instead, Mays would have needed to show what he told his attorney about witnesses, strategy, etc., how these would have provided a defense sufficiently persuasive that it was deficient performance for counsel to have failed to present it, and then how Mays was prejudiced by counsel's failure. None of this appears in the record.

Mays' objections on Ground One are without merit.

**Ground Two:  Lack of Jury Determination of Guilt of Felonious Assault**

As best the Magistrate Judge was able to understand it, Mays was attempting to raise in his Second Ground for Relief the same claim made in his First Assignment of Error in the Second District Court of Appeals, to wit, that a felonious assault that directly results in death cannot be the underlying felony in a felony murder prosecution.  The Second District concluded this was not the law in Ohio.  *State v. Mays*, 2012 Ohio 838, 2012 Ohio App. LEXIS 731 (2nd Dist. 2012).  The Report concluded there was no violation of *Blakely v. Washington*, 542 U.S. 296 (2004), in this decision because under *Blakely*, while all elements of a crime must be proved to a jury beyond a reasonable doubt, it is the State which decides what the elements are.  Here the jury decided both that Mays was guilty of felonious assault and that, the assault having resulted in death, Mays was also guilty of felony murder.

All Mays says in his Objections is that "Petitioner was entitled to have his guilt determined beyond a reasonable doubt by a jury."  (Doc. No. 8, PageID 47.)  He makes no suggestion of how that did not happen in this case.

Mays' Objections on Ground Two are without merit.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Mays asserts his trial attorney provided ineffective assistance of trial counsel when he failed to object to the erroneous imposition of consecutive maximum sentences.  As noted in the Report, the Second District heard Mays' claim that the sentences were improper on direct appeal and decided they were not improper.  *State v. Mays,*

6

*supra*, at ¶¶ 20-26.  The Report concluded because the court of appeals decided this claim on the merits, trial counsel must have done enough to preserve the issue for appeal and there was no merit to the claim (Report, Doc. No. 4, PageID 39).

In his Objections, Mays attempts to turn this claim from one alleging that the sentence was illegal to one alleging that if his counsel had objected somehow differently, the sentence would have been lighter.  This claim is completely speculative; Mays offers no evidence in support.  Even if Mays has some evidence that the trial judge would have imposed a lighter sentence, that evidence is either on the record or off the record.  If it is on the record, Mays has procedurally defaulted the claim by not raising it on direct appeal.  If it is off the record, Mays has procedurally defaulted it on the same basis as Ground One, to wit, by never filing a petition for post-conviction relief.

Mays' Objections on Ground Three are without merit.

**Conclusion**

Mays' Objections are without merit.  Construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), they should be denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 25, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).